**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

|  |  |  |
|---|---|---|
| PAMELA STUCKEY, | * * * | |
| Plaintiff, | * * | |
| VS. | * * | NO: 4:12CV00082   SWW |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL., | * * * * | |
| Defendants. | * * * * | |

**Order**

This is a lawsuit filed on February 8, 2012, by a *pro se* plaintiff challenging an alleged non-judicial foreclosure action and a subsequent writ of possession issued by the Pulaski County Circuit Court.  Plaintiff alleges she filed suit in state court to challenge the foreclosure and appealed an adverse judgment.  She also alleges that a unlawful detainer action was filed and a writ issued.  She names as defendants the Pulaski County Circuit Clerk, the Pulaski County Sheriff, and a Pulaski County Sheriff Deputy ("County Defendants") who issued and served papers on her; the Mickel Law Firm PA which initiated the statutory foreclosure sale; ClearVue Opportunity IX LLC ("ClearVue"), the mortgagee company who gave the Mickel firm its limited power of attorney to conduct the sale; Heritage Service Company ("Heritage"), which conducted the sale; and the Worsham Law Firm PA, which ClearVue hired to file a detainer action.

The County Defendants, ClearVue, and the Worsham Law Firm filed motions to dismiss, and the Mickel Law Firm and Heritage filed a motion for summary judgment.  On March 14, 2012, the Court granted plaintiff's motion for an extension of time and ordered plaintiff to file responses to the motions on or before March 30, 2012. Plaintiff failed to timely respond to the motions.[1]   The Court finds the motions should be granted because plaintiff failed to comply with the Order to respond by March 30, 2012.[2]

IT IS THEREFORE ORDERED that the County Defendants' motion to dismiss [docket entry 3]; the motion for summary judgment filed by the Mickel Law Firm and Heritage Service Company [docket entry 5]; ClearVue's motion to dismiss [docket entry 12]; and the Worsham Law Firm's motion to dismiss [docket entry 21] are granted.  Plaintiff's motion for contempt [docket entry 26] is denied, and the motion to strike [docket entry 31] is denied.

DATED this 9th day of April, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff did file a motion for contempt and a motion for recusal on March 19, 2012.  The motion for recusal was granted on March 20, 2012, and the case was reassigned.

[2] On February 27, 2012, the Court entered an Order in which plaintiff was informed that her case could be dismissed if she failed to respond within thirty days to any communication from the Court, and that she was expected to be familiar with and follow the Federal Rules of Civil Procedure. *See* docket entry 8.