**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| | * | |
| PAMELA STUCKEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | NO: 4:12CV00082   SWW |
| | * | |
| MORTGAGE ELECTRONIC | * | |
| REGISTRATION SYSTEMS, INC., | * | |
| ET AL., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |

**Order**

Before the Court is plaintiff's motion for a new trial and for recusal.  On April 9, 2012,

the Court granted defendants' motions and dismissed plaintiff's complaint after she failed to

timely respond to the motions as ordered by the Court.  In her motion for a new trial, plaintiff

states Little Rock police officers removed her from her home on March 19, 2012, when it was

repossessed.  Plaintiff states she has been homeless since then and "deprived of computer,

personal and private papers in this cause and denied access to her U.S. Mail."  She asks that the

Court set aside the Order entered in her case, and that this Judge and every judge of Eastern and

Western Districts of Arkansas recuse from her case.  Her reasons for requesting recusal, other

than service on the bench with Honorable James M. Moody,[1] are unclear.

The Court has considered plaintiff's motion for recusal and it is hereby denied.  The

---

[1]Judge Moody recused himself after plaintiff filed a motion seeking his recusal based on the fact that his son presided over plaintiff's state court case.

Court also has considered her motion for new trial and it is denied.  In their motions to dismiss,

defendants ClearVue Opportunity IX LLC, Worsham Law Firm PA, Larry Crane, Charles

Holladay, and R D Bostic contend that the *Rooker-Feldman* doctrine precludes the Court from

hearing plaintiff's claims against them.  Defendant Mickel Law Firm and Heritage Service

Company move for summary judgment.

The *Rooker-Feldman* doctrine recognizes that federal courts other than the United States

Supreme Court lack subject matter jurisdiction over challenges to state court judgments.  *See*

*Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir.1990).

> Although a federal district court may not possess appellate jurisdiction to review a
> state court judgment, it may exercise jurisdiction over a general constitutional
> challenge made in a federal proceeding as long as the constitutional challenge is
> not 'inextricably intertwined' with claims asserted in a state court proceeding.
> Under the *Feldman* doctrine, 'the federal claim is inextricably intertwined with
> the state-court judgment if the federal claim succeeds only to the extent that the
> state court wrongly decided the issues before it. Where federal relief can only be
> predicated upon a conviction that the state court was wrong, it is difficult to
> conceive the federal proceeding as, in substance, anything other than a prohibited
> appeal of the state-court judgment.

*Id.* at 296-97 (internal citations omitted).

The Court finds the issues raised in plaintiff's state court action and the present action are

inextricably intertwined.  In her claim in state court, plaintiff alleged that the lender could not

maintain a non-judicial foreclosure in the State of Arkansas, that the mortgage was a predatory

loan, that defendants should be enjoined from bringing an unlawful detainer action, that a power

of attorney was fraudulent, that the deed resulting from the foreclosure sale should be set aside

and declare void, and that she was entitled to compensatory and punitive damages.[2]  In the action

---

[2]Docket entry 13-1.

before this Court, plaintiff is challenging the state court's resolution of the foreclosure

proceedings and/or unlawful detainer actions.  It also appears that plaintiff is attempting to

enjoin the county defendants from enforcing the writ of possession issued by the Circuit Court of

Pulaski County.  Plaintiff asserts that the matter is on appeal to the Arkansas Supreme Court and

Arkansas Court of Appeals.

To grant plaintiff the relief she seeks in this federal action, the Court must necessarily

find that the state court wrongly decided the issues before it.  The Court finds plaintiff fails to

allege facts supporting the Court's jurisdiction to hear her claim.

 IT IS THEREFORE ORDERED that plaintiff's motion for new trial and recusal [docket

entry 40] is denied.

DATED this 23rd  day of May, 2012.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE